IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE DAE COMPOUND, INC., *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 2:25-cv-710-RAH-KFP |
| SANDRAY MCVEY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 5, 2025, pro se Plaintiff L. Paige Thornton and The DAE Compound, Inc. filed this action. Doc. 1. The action thereafter was referred to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." Doc. 4.

Upon review of the Complaint, the undersigned notes that the alleged conduct occurred in the Northern District of Alabama. Plaintiffs allege that Defendants engaged in various forms of misconduct in "block[ing] Plaintiffs from acquiring and operating 11281 Cragford Road for its intended purpose." Doc. 1 at 1. This property is located in Clay County, Alabama, which is in the Northern District of Alabama. *Id.* at 2. Plaintiffs neither allege that any of the relevant events took place in the Middle District of Alabama, nor that any Defendant lives in the Middle District of Alabama. *See* Doc. 1-1 at 3–9. Thus, the undersigned finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1406.

Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property subject to the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." When a case is filed laying venue in the wrong division or district, a district court may dismiss or, in the interest of justice, transfer the case to any district or division where it could have been brought. 28 U.S.C. § 1406(a).

Plaintiffs allege that "the property and events giving rise to this action occurred in Clay County, Alabama." Doc. 1 at 2. Further, they provide addresses for Defendants in Ashland, AL, which is in Clay County, Alabama, and Washington, D.C.

Because Plaintiffs allege that the events took place in the Northern District of Alabama and do not allege that any Defendant resides in the Middle District of Alabama, venue is not proper in the Middle District of Alabama. *See* 28 U.S.C. § 1391(b). Venue is proper in the Northern District of Alabama, and this case is due to be transferred under 28 U.S.C. § 1406(a).

Accordingly, the Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

It is further ORDERED that all objections to this Recommendation must be filed no later than **October 16, 2025**. An objecting party must identify the specific portion(s) of all

factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. Unobjected-to factual and legal conclusions may be reviewed only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

DONE this the 2nd day of October, 2025.

/s/ KFP
_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE